In Hickman v. Grocer Co., 62 S. W. 1081, this court held that such an account as here sued on was subject to demurrer because not itemized. We are of the opinion that the account was not admissible as evidence, and plaintiff's case was not properly proven.

We deem it unnecessary to discuss the question of not being allowed a jury, presented by appellant, as this matter is not liable to arise on another trial.

[2] Appellee insists that appellant has no defense to the action, and therefore the cause should be affirmed. The burden was on appellee to make out its case by legitimate evidence, and, until this is done, we cannot take notice of the attitude of appellant as to its defense, if any it has.

The judgment is reversed, and the cause remanded.

---

### YOUNG v. STATE. (No. 4148.)

(Court of Criminal Appeals of Texas. June 23, 1916.)

CRIMINAL LAW ☞1192—APPEAL—STIPULATIONS—EFFECT.

Where there is an agreement on file between attorneys that no motion for rehearing would be filed, requesting immediate issuance of mandate, as accused was confined in the county jail, the mandate will be issued immediately on affirmance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3231–3240, 3243; Dec. Dig. ☞1192.]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

W. R. Young was convicted of manslaughter, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. This is an appeal from a conviction of manslaughter, but without a statement of facts or bill of exceptions. Nothing is presented which can be reviewed in the absence of these.

There is an agreement on file herein by the attorneys for both sides, stating that no motion for rehearing will be filed and requesting that the mandate issue at once, as the appellant is now confined in the county jail. Therefore the clerk is directed to issue at once the mandate in accordance with this agreement. The judgment is affirmed.

---

### HALEY v. STATE. (No. 4139.)

(Court of Criminal Appeals of Texas. June 23, 1916.)

CRIMINAL LAW ☞1097(1)—REVIEW—BILL OF EXCEPTIONS AND STATEMENT OF FACTS.

No question for review is presented by a record on appeal which is accompanied by no statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864; Dec. Dig. ☞1097(1).]

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

Jim Haley was convicted of disturbing the peace, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of disturbing the peace, and prosecutes an appeal from such judgment.

As no statement of facts accompanies the record, there is no question we can review.

The judgment is affirmed.

---

### HALEY v. STATE. (No. 4140.)

(Court of Criminal Appeals of Texas. June 23, 1916.)

Appeal from Tarrant County Court; Jesse M. Brown, Judge.

Jim Haley was convicted of aggravated assault, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $25.

The record contains no bill of exceptions, and no statement of facts accompanies it. Under such circumstances there is no question presented for review.

The judgment is affirmed.

---

### McPEAK v. STATE. (No. 4125.)

(Court of Criminal Appeals of Texas. June 21, 1916.)

1. HOMICIDE ☞169(1)—EVIDENCE—ADMISSIBILITY.

In trial for murder of a drug store clerk, evidence, that accused before the shooting on same day had gotten a bottle of bitters for a friend from deceased, was inadmissible because irrelevant.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 341; Dec. Dig. ☞169(1).]

2. CRIMINAL LAW ☞770(3)—INSTRUCTIONS—FORM.

Where an issue is in a case favorable to accused, he should have that issue submitted in an affirmative way untrammeled by conditions which are unfavorable to him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1806; Dec. Dig. ☞770(3).]

3. HOMICIDE ☞304—INSTRUCTIONS—ACCIDENTAL HOMICIDE.

In a murder trial, it is error to instruct that accused, if homicide was accidental, and if it was not negligent or careless, is not guilty; since the jury should not be required to find that negligent homicide was not in the case before they could acquit on the theory of accident.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 636; Dec. Dig. ☞304.]

4. HOMICIDE ☞74—"NEGLIGENT HOMICIDE"—ELEMENTS.

For one to be guilty of negligent homicide, there must be apparent danger of killing, but no apparent intent to kill.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 97–101; Dec. Dig. ☞74.

For other definitions, see Words and Phrases, First and Second Series, Negligent Homicide.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes